IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **TIMOTHY R. CHITO** and <br> **ELIZABETH S. KESNER**, <br> Plaintiffs, <br><br> v <br><br> **HILCORP ENERGY COMPANY**, <br> a/k/a HILCORP, and its <br> Officers, Agents and Subsidiaries, <br> **Defendant.** | 2:14-cv-1576 |

## MEMORANDUM ORDER

Pending before the Court is Plaintiffs' FIRST AMENDED MOTION TO CONSOLIDATE & REMOVE (ECF No. 16). Defendant has filed a brief in opposition to the motion (ECF No. 21). Accordingly, the motion is ripe for disposition.

Plaintiffs initiated this action by filing a complaint in the Court of Common Pleas of Lawrence County on October 28, 2014. On November 17, 2014, Defendant timely removed the action to the United States District Court for the Western District of Pennsylvania, based on the parties' diversity of citizenship. Thereafter, Defendant filed an answer. The Court held an initial case management conference on January 22, 2015, and placed the parties' on a discovery schedule. About a month later, Plaintiffs filed this motion, asking that this case be consolidated with the one filed at 2:15-cv-0064 and then to have both cases "removed" – in reality, *remanded* – to state court, where other actions involving Plaintiffs, Pulaski Township, and various elected local officials arising out of the same basic set of facts as this action are pending. Plaintiffs' two requests will be addressed *seriatim*.

**I.  Motion to Consolidate**

Fed. R. Civ. P. 42(a) permits the consolidation of actions that "involve a common

1

question of law or fact[.]" "The moving party bears the burden of proof on a motion to consolidate." *Borough of Olyphant v. PPL Corp.*, 153 F. App'x 80, 82 (3d Cir. 2005). The district court has broad discretion in deciding whether consolidation is appropriate. *Id.* Even where common questions of law or fact exist, the court may deny consolidation if it would cause delay, expense, confusion, or prejudice. *Farahmand v. Rumsfeld*, No. CIV.A. 02-1236, 2002 WL 31630709, at *2 (E.D. Pa. Nov. 20, 2002) (citation omitted). A court may also "deny consolidation when one case is further into the discovery process." *Id.* (citations omitted).

Although the factual allegations in these two cases are different (primarily because the cases involved different wells), the legal issues are the same and the same Defendant is involved.[1] Both complaints raise causes of action for private nuisance, negligence and/or recklessness, and strict liability. Determining whether Defendant can be held liable under any of these theories will require the Court to resolve several threshold-type legal questions. A few come readily to mind: the Court will have to determine in both cases whether Defendant can be liable under a nuisance theory for a permitted conditional use of the properties and whether Defendant's drilling activities can be considered an "unreasonably dangerous activity," such that strict liability can apply. It would be in the interest of judicial economy to resolve these issues at one time, and they can likely all be resolved at the summary judgment stage.

To be sure, the cases are on different discovery timelines. But this action is not so far along in discovery – apparently, Defendant's first set of interrogatories and requests for production of documents weren't served until June 8, 2015 – that this concern outweighs the

---

1. Defendant's suggestion that Plaintiffs have "conceded" that different legal issues are involved appears to be based upon a misreading of Plaintiffs' motion. In the portion of Plaintiffs' motion on which Defendant relies for that assertion, Plaintiffs are actually referring to the cases pending in Lawrence County, not the two cases pending before this Court, when saying that "separate and distinct legal and equitable relief and remedies" are involved. Pls.' Mot. ¶ 30.

interests served by consolidation. 9A The Late Charles Alan Wright, et al., Fed. Prac. & Proc. Civ. § 2383 (3d ed.) ("[T]he fact that the actions are at different stages of trial preparation does not preclude consolidation automatically."). Nor is the Court convinced that the facts are so different that jury confusion would result. At any rate, to take into account the possibility of confusion of the issues at trial, at this time, the Court will consolidate these actions for purposes of discovery and all other pretrial proceedings only. *See, e.g.*, *Groh v. State Farm Mut. Auto. Ins. Co.*, No. 2:10-CV-00918, 2011 WL 13680, at *2 (S.D. Ohio Jan. 3, 2011). ("Rule 42(a) does not foreclose the possibility of separate trials."). A ruling on whether the actions should be consolidated for trial is reserved until all pretrial proceedings, including a ruling on any motions for summary judgment, are resolved.

Therefore, Plaintiffs' motion to consolidate the cases at 2:14-cv-01576 and 2:15-cv-00664 is **GRANTED**. The cases will be consolidated at 2:14-cv-01576. The parties shall confer and draft a mutually agreeable proposed amended case management scheduling order, which shall be filed with the Court **on or before Tuesday, September 8, 2015**.

**II.    Motion to Remand**

Under 28 U.S.C. § 1441, "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." Inasmuch as there is complete diversity of citizenship among the parties and Plaintiffs seek in excess of $75,000 in damages, this action was properly removed to this Court pursuant to § 1441. Plaintiffs' only bases for seeking to remand this action to state court are "judicial economy, consistency, availability of the evidence etc." Pls.' Mot. ¶ 22. The Court is sympathetic to Plaintiffs' concerns. Intuitively, it would make sense to have all

of these similar cases tried in Lawrence County by a judge who is already familiar with the issues. However, as Defendant correctly points out, none of these are valid reasons for remanding a case. To the contrary, Defendant has a legal right under the removal statute to proceed in this forum, and the Court has a legal duty to exercise its jurisdiction to preside over this case. *See Thermotron Products, Inc. v. Hermansdorfer*, 423 U.S. 336, 345 (1976), *abrogated on other grounds*, *Quackenbush v. Allstate Ins. Co.*, 517 U.S. 706 (1996); *Feidt v. Owens Corning Fiberglas Corp.*, 153 F.3d 124, 128–29 (3d Cir. 1998). Accordingly, Plaintiffs' motion to remand is **DENIED**.

It is **SO ORDERED**, this 27th day of August, 2015.

BY THE COURT:

s/Terrence F. McVerry
Senior United States District Judge

cc: **Angelo A. Papa, Esquire**
Email: ceo@signaturehill.com

**Kathy K. Condo, Esquire**
Email: kcondo@babstcalland.com
**Mark K. Dausch, Esquire**
Email: mdausch@babstcalland.com